# UNITED STATES DISTRICT COURT

for the

District of Connecticut

FILED

2019 APR 16 A 11: 01

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>24 Sention Avenue, Norwalk, CT; white 1999 Cadillac<br>Eldorado, CT No. 183-YOD; and cellular telephones for<br>nos. (203) 505-0541, (203) 505-0542, (201) 844-9761 | )<br>)<br>)<br>)<br>)<br>) | Case No. |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
24 Sention Avenue, Norwalk, CT (as more fully described in Attachment A); white 1999 Cadillac Eldorado, CT No. 183-YOD; and cellular telephones for numbers (203) 505-0541, (203) 505-0542, (201) 844-9761.

located in the _____ District of _____ CONNECTICUT _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Evidence, contraband, fruits, or instrumentalities relating to violations of obstructing commerce by extortion (18 U.S.C. § 1951); making interstate communications with intent to extort (18 U.S.C. § 875(c)); and using a wire communication facility for illegal gambling activity (18 U.S.C. § 1084). See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1951 | Obstructing commerce by extortion |
| 18 U.S.C. § 875(c) | Making interstate communications with intent to extort |
| 18 U.S.C. § 1084 | Using a wire communication facility for illegal gambling activity |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

William P. Ready - Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/20/2011

City and state: BRIDGEPORT, CONNECTICUT

/s/ Holly B. Fitzsimmons

_____
*Judge's signature*

Holly B. Fitzsimmons - U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A — PHYSICAL DESCRIPTION OF RESIDENCE

24 Sention Avenue, Norwalk, Connecticut, is a red single-family ranch-style home with an attached garage and appears as depicted below:



## ATTACHMENT B

Evidence, contraband, fruits, and instrumentalities of the violations of obstructing commerce by extortion in violation of 18 U.S.C. § 1951; of making interstate communications with intent to extort in violation of 18 U.S.C. § 875(c); and being engaged in the business of betting or wagering and knowingly using a wire communication facility for the transmission in interstate and foreign commerce of information assisting in the placing of bets or wagers on sporting events or contests in violation of 18 U.S.C. § 1084, including records, papers, and documents relating to extortion payments; United States currency, money orders, checks, bank deposit items, bank cards, bank statements, and other financial and banking records reflecting the participation in extortionate activities and the business of betting and wagering; bookmaking records and wagering paraphernalia consisting of sports result information, notes, address books, and papers containing initials, names, addresses, telephone numbers, telephone bills, dollar amounts, settlement figures, summary sheets, and figures reflecting participants and bettors involved with an illegal gambling business and the business of betting and wagering, and the distribution of proceeds therefrom; any and all financial records and receipts reflecting expenditures of extortion or gambling proceeds; line information sheets, slips, bets, wagers, and records or registers of bets and wagers; photographs of extortion victims and gambling participants and bettors; cellular telephones, SIM cards, and related records, including those related to telephone numbers (203) 505-0541, (203) 505-0542, and (201) 844-9761; personal digital assistants; safe deposit boxes and related records that concern extortion payments and an illegal gambling business and the business of betting and wagering; all computers, handheld devices, or other electronic devices capable of accessing the Internet or creating, storing, or modifying any items described in this paragraph, including iPads, iPod Touchs, electronic computer tablets, any electronic storage media, hard drives, thumb drives, networking equipment, or other peripheral hardware that is compatible with such computers or devices; and any password or security device that can be used to control or obtain access to any item described in this paragraph.